[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This court bifurcated the above matters and entered orders as to custody and visitation in its memorandum dated September 16, 1994.
The issue of child support and counsel fees was heard on November 30, 1994 and dates following. The court was also asked to rule on the question of retroactivity of child support orders entered on October 22, 1993 as well as the payment of medical fees.
The court is writing a separate memorandum on the question of attorney's fees.
RETROACTIVITY
The plaintiff instituted this paternity action by petition. dated December 17, 1991.
The plaintiff filed a Motion for Custody and Reasonable Support dated may 19, 1992. For some unknown reason, the issue of reasonable child support was not heard until January 14, 1993. The court heard the parties at length on the issue of child support. The hearing lasted several days.
Thereafter, on October 22, 1993, the court issued the following orders with respect to child support as follows: "The CT Page 12375 court finds that $200 a week would be a reasonable amount for support for Christopher under all the circumstances and the court so orders."
A Motion for Clarification dated December 20, 1993 (#129 in File #92 03 81 60) was filed by counsel for the plaintiff requesting clarification of the following:
1) Effective date of order;
2) Responsibility for medical and dental expenses;
3) Responsibility for Bridgeport Hospital lying in expenses.
Before the trial court could clarify that decision, the judge, at the request of defendant's counsel, recused himself from further handling of this case and the companion case. The defendant (motion dated 12/30/93, #148 in file #92 03 81 50) objected to the court clarifying its memorandum since the judge had since recused himself from the case.
The trial court declined to clarify its memorandum in view of the defendant's objection. The court did, however, file a Report as Amicus Curiae, dated January 26, 1994.
Thus, this court is now faced with a memorandum that is not clear as to when the support order should commence as well as the responsibility for medical and lying in expenses.
In the interests of equity, and fair play, the court is going to exercise its discretion in ruling on these matters.
In paternity cases such as this and in accordance with § 46b-160
C.G.S., the rather is liable for past support limited to the three years next preceding the date of the filing of such petition to establish paternity. The child in question was born on September 11, 1991. The paternity petition was dated December 17, 1991. The defendant, Charles Fazio, acknowledged paternity on March 27, 1992.
Under § 46b-160, the court could order support as of the birth of the child and enter orders for all lying in expenses. All orders could be made retroactive to September 11, 1991.
The court, in the exercise of its discretion, orders that the CT Page 12376 child support in the amount of $200 per week shall be retroactive to the date of the filing of the Motion for Child Support, May 9, 1992. The defendant shall be given credit for any payments of child support he has made during the period of time in question, that is, from May 9, 1992 to October 22, 1993.
With respect to medical expenses and lying in expenses, the defendant shall be liable for all medical expenses and lying in expenses incurred from September 11, 1991, which is the date of birth of the child. Again, the defendant shall be given credit for any medical and/or hospital and/or lying in expenses which he paid from September 11, 1991. This court previously ordered the defendant to reimburse the plaintiff the sum of $992 toward the Bridgeport Hospital bill.
If this court did not exercise its discretion and clarify the memorandum, the mother of this child would be denied the financial assistance to which she is entitled and which is provided for in our paternity statutes.
After a hearing on November 30, 1994, this court entered final orders as to child support and the orders of the court were placed on the record in the presence of counsel of record as follows:
 1) $250 per week child support effective as of November 30, 1994;
 2) Plaintiff shall continue to maintain her medical coverage for the benefit of the minor child. Any unreimbursed medical expenses incurred for the benefit of the minor child shall be equally divided between the parties.
 3) If the defendant has any life insurance at the present time, he is to continue to maintain that insurance for the benefit of the minor child up to an amount of $100,000. It goes without saying that said insurance is to be maintained so long as the defendant has an obligation to support the minor child.
 DR. SACCIO'S FEES
Counsel for the defendant also requested that the court rule on the fees already paid by Mr. Fazio to Dr. Saccio in the amount of $8500, as the initial retainer for Dr. Saccio. This amount has already been paid by the defendant and the court declines to order CT Page 12377 the plaintiff to pay or reimburse Mr. Fazio any portion of this amount. It is incumbent on the defendant to make arrangements with Dr. Saccio for the payment of any balance due Dr. Saccio.
Coppeto, J.